Gay v. Sessions

BIA
Laforest, IJ
A079 722 477

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:
>       DENNIS JACOBS,
>       PETER W. HALL,
>       GERARD E. LYNCH,
>           *Circuit Judges.*

_____

PATRICK J. GAY, AKA JEAN PATRICK
GAY, AKA J. PATRICK GAY,
>       *Petitioner,*

>       v.                                   16-3120
>                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Nicholas J. Mundy, Brooklyn, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S. Wernery,
                         Assistant Director; Steven K. Uejio,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Patrick J. Gay, a native and citizen of Haiti, seeks review of a September 1, 2016, decision of the BIA affirming an April 21, 2016, decision of an Immigration Judge ("IJ") denying Gay's applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT") and a waiver of inadmissibility. *In re Patrick J. Gay,* No. A079 722 477 (B.I.A. Sep. 1, 2016), *aff'g* No. A079 722 477 (Immig. Ct. N.Y. City Apr. 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Gay was ordered removed on account of an aggravated felony conviction, and does not challenge his removability on that basis. Accordingly, our review is limited to constitutional claims and questions of law. 8 U.S.C.

§§ 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 90–91 (2d Cir. 2015).  We address Gay's arguments in turn.

## I.  Waiver and Adjustment of Status

Gay applied to adjust to lawful permanent resident status, for which he needed a waiver under 8 U.S.C. § 1182(h) on account of his sexual abuse conviction.  The agency found Gay eligible for the waiver, but denied it as a matter of discretion given the seriousness of his criminal conviction.  Gay argues that the agency did not give enough weight to his equities and placed too much emphasis on his conviction.  We lack jurisdiction to review the agency's discretionary weighing of the equities where, as here, the agency considered the relevant factors. *See Guyadin v. Gonzales*, 449 F.3d 465, 468–69 (2d Cir. 2006); *see also* 8 U.S.C. §§ 1182(h), 1252(a)(2)(B)(i).

## II.  Withholding of Removal

Aliens convicted of "particularly serious crime[s]" are statutorily ineligible for withholding of removal.  8 U.S.C. § 1231(b)(3)(B)(ii).  An aggravated felony, like Gay's, with a sentence of less than five years is not per se particularly serious.  8 U.S.C. § 1231(b)(3)(B).  Rather, in such cases the agency examines "the nature of the conviction, the type of

3

sentence imposed, and the circumstances and underlying facts of the conviction" to determine if the specific conviction is particularly serious. *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007); *see also Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008).

Gay argues that his conviction was not particularly serious, emphasizing that he was initially sentenced only to probation (although he was re-sentenced to 2 years' imprisonment after violating probation). As Gay concedes, however, "the sentence imposed is not the most accurate or salient factor to consider in determining the seriousness of an offense." *Matter of N-A-M-*, 24 I. & N. at 342. Here, the IJ considered each of the factors: the statutory definition and elements of the crime of sexual abuse by forcible compulsion; the lengthy (10-year) probation sentence; and the fact that Gay's victim was a 12-year-old child over whom he was in a position of authority and trust. Accordingly, Gay has not identified any constitutional or legal error in the agency's analysis. 8 U.S.C. § 1252(a)(2)(C),(D); *Nethagani*, 532 F.3d at 155 (upholding particularly serious crime determination where agency properly applied factors).

### III. CAT Deferral

Gay's conviction does not bar CAT deferral, 8 C.F.R. § 1208.17(a); however, our review remains limited to constitutional claims and questions of law. *Ortiz-Franco*, 782 F.3d at 90-91.

Gay argued that he should receive CAT relief because he would be identified as a former paramilitary member and tortured, despite his absence from Haiti since 1995. Appealing the agency's rejection of that claim, Gay challenges only the IJ's determination that he should have produced an affidavit or testimony from his mother to corroborate this claim, emphasizing that he testified credibly. That challenge does not raise a colorable question of law. The IJ may take into account a lack of corroboration even if an applicant's testimony is credible. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. §§ 1208.16(c)(2),(3). Moreover, Gay lacked personal knowledge of current conditions in Haiti becuase he left in 1995. As the IJ noted, Gay's mother traveled between the United States and Haiti and could have testified about whether Gay would still be targeted for retaliation as a former paramilitary member. Gay's mother was on his witness list, but did not provide an

affidavit or testify, and Gay did not explain her absence. *See* 8 U.S.C. § 1252(b)(4) (courts may not reverse agency's determination regarding corroborating evidence unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable"); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2006) (explaining that it is alien's burden to provide corroboration "without prompting from the IJ").

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```